IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-03133-CYC

JOSE LUIS CRUZ PADILLA,

       Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security;
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement[1];
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;
THE EXECUTIVE OFFICE OF IMMIGRATION REVIEW; and
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

       Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Jose Luis Cruz Padilla, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly prolonging his detention under 8 U.S.C. § 1231. ECF No. 1 (the "Petition"). The petitioner, a citizen of Honduras, entered into the United States in 2002, was ordered removed in 2017, and returned in 2018. *Id.* at 2. In 2021, the petitioner was a victim of a crime and applied for a U nonimmigrant visa ("U-visa"). *Id.*

---

[1] David Venturella is substituted for Todd Lyons pursuant to Fed. R. Civ. P. 25(d).

1

¶¶ 8–9. In 2024, the petitioner was granted a bona fide determination on his U-visa petition and deferred action for a period of four years. *Id.* ¶ 11. Petitioner had been in the United States for years before Immigration and Customs Enforcement ("ICE") officers took him into custody in October 2025. *Id.* The petitioner contends that his prolonged detention violates both 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. As relief, he seeks immediate release from custody and an order not to transfer him outside the jurisdiction of this Court while the Petition is pending.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2). The removal period begins on the latest of the following dates:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See id.* § 1231(a)(6). Therefore, the petitioner's statutory claim lacks merit. However, as a constitutional matter, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Under this standard, the petitioner is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he must simply show that removal is not significantly likely in the reasonably foreseeable future. To make that showing, the petitioner contends that the respondents are not reasonably likely to remove him while his deferred action remains unrevoked. ECF No. 1 at 11. That shows that removal is not significantly likely in the reasonably foreseeable future. *See, e.g.*, *Tran v. Baltazar*, No. 26-cv-00940-CNS, 2026 WL 764002, at *4 (D. Colo. Mar. 18, 2026) (conclusion that the petitioner met his initial burden was "bolstered by the fact that the government has been unable to secure Vietnamese travel documents to facilitate Petitioner's removal for over 20 years, and it 'has not provided any reason as to why deportation to [Vietnam] is now possible.'" (quoting *Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025))).

The respondents provide no argument in response. ECF No. 7. Therefore, the respondents have not rebutted the petitioner's showing that there is good reason to believe that there is no significant likelihood of the petitioner's removal in the reasonably foreseeable future. The Petition thus will be granted. *See, e.g.*, *Lorenzzi-Gonzales v. Lyons*, No. 26-CV-00821-CYC,

2026 WL 1132893, at *3 (D. Colo. Apr. 27, 2026).

Respondents note that any order of release should be subject to conditions set by ICE. See ECF No. 7. That issue is not one that the Petition raises, and the Court therefore expresses no opinion on it. To the extent the statutes cited in Respondents' response require such conditions, it is unclear what more this Court's order would add.

There is a final matter. The petitioner appears to request attorneys' fees and costs, but he does so indirectly. ECF No. 1 at 19. D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the petitioner shall be released from custody within 48 hours; and

(2) that Respondents shall file a status report within 24 hours of the petitioner's release.

4

Entered and dated this 3rd day of August, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge